## City of Tipton et al. *v.* Racobs, Administratrix.

[No. 6,979. Filed May 31, 1911.]

1. Negligence.—*Contributory.—Jury.*—Contributory negligence is ordinarily a question of fact for the jury. p. 683.

2. Negligence.—*Electricity.—Hanging Wires.—Contributory Negligence.— Complaint.— Verdict.*— Where the complaint alleged that plaintiff's decedent had been working for a traction company about five months and had learned that uninsulated hanging wires were dangerous, that defendants' electric light wire had broken and one end was hanging so as to endanger plaintiff's children and other persons passing along the street, that the wire appeared to be insulated at certain places, that he took hold of the wire at an apparently insulated place, receiving a fatal shock, the question of contributory negligence is one of fact and a general verdict for the plaintiff is a finding that decedent was not contributorily negligent. p. 683.

3. APPEAL.— *General Verdict.— Interrogatories.— Complaint.—* On appeal the complaint will be considered as established where the only question is whether the answers to the interrogatories to the jury require a judgment for defendants, notwithstanding a general verdict for the plaintiff.   p. 684.

4. NEGLIGENCE.—*Electricity.—Verdict.—Interrogatories. — Conflict.* —Where a complaint alleges that plaintiff's decedent undertook to fasten a hanging, apparently insulated, electric light wire so that his children and other persons would not come in contact therewith, and that he received a fatal shock therefrom, a general verdict for the plaintiff is not overturned by answers to interrogatories to the jury showing that decedent had five months' experience with the wires of a traction company and knew the dangers of live wires.   pp. 684, 687.

5. NEGLIGENCE.— *Contributory.— Known Dangers.— Care.—* One dealing with a known danger is required to use care commensurate with the danger, the question of contributory negligence being one of fact for the jury.   p. 686.

6. NEGLIGENCE.— *Contributory.— Test.—* The test of contributory negligence is whether the plaintiff acted under the circumstances as an ordinarily prudent man would have acted.   p. 688.

From Tipton Circuit Court; *J. F. Elliott,* Judge.

Action by Pearl Racobs, as administratrix of the estate of Frederick Racobs, deceased, against the City of Tipton and another.   From a judgment for plaintiff, defendants appeal.   *Affirmed.*

*James M. Purvis* and *Edward Daniels,* for appellants.
*L. B. Nash* and *Gifford & Gifford,* for appellee.

HOTTEL, J.—Action by appellee, on behalf of herself and children, against appellants, for damages resulting from the death of her husband alleged to have been caused by the negligence of appellants.

The complaint was in two paragraphs.   The cause was tried by a jury, resulting in a verdict for appellee in the sum of $1,000, answers to interrogatories being returned.

Appellants jointly and separately moved for judgment on the answers to interrogatories and for a new trial, each of which motions was overruled, and exceptions saved. The ruling upon the motion for a judgment on the answers

to interrogatories is the only assigned error presented and argued by appellants in their brief.

It is contended by appellants that these answers to interrogatories show that decedent deliberately and voluntarily placed himself in a position of danger, and that the act which resulted in his death evidenced such a lack of care and caution on his part as to charge him with contributory negligence.

The answers to the interrogatories, important and controlling upon this question, show that decedent was an experienced railroad brakeman; that he had been in the employ of the Indiana Union Traction Company for about five months, as assistant lineman, and assisted in locating and placing storage batteries; that said employment gave him a good knowledge of the dangers of electricity and of coming in contact with electric wires; that, while employed in locating and placing said storage batteries, he had been carefully instructed by the person superintending said work as to the danger of coming in contact with electric wires, and had been warned never to touch a hanging, broken or fallen wire unless he was certain that it was a dead one and had tested it; that he went up to the broken wire in question and took hold of it with his naked hand.

As a general rule, contributory negligence is a question of fact to be determined by the jury and not one of law to be determined by the court. *Indianapolis St. R. Co.* v. *Hockett* (1903), 159 Ind. 677; *Brosnan* v. *Sweetzer* (1891), 127 Ind. 1; *Pittsburgh, etc., R. Co.* v. *Wright* (1881), 80 Ind. 182; *Union Traction Co.* v. *Sullivan* (1906), 38 Ind. App. 513; *Wortman* v. *Minich* (1901), 28 Ind. App. 31.

This question, as presented by each of the paragraphs of the complaint upon which the case was tried, was, under the authorities cited, clearly one of fact and not one of law. This, appellants practically concede, as they make no objections to either of the paragraphs of the

complaint. If, therefore, the material allegations of either of the paragraphs of the complaint upon this subject were proved, such proof warranted the general verdict of the jury, which was the equivalent of the finding that decedent was not, in fact, guilty of any negligence contributing to his injury.

Assuming that these facts, alleged in the complaint, were all proved, which assumption is, under the rules of this court, for the purposes of this motion, made imperative by the general verdict, the question then arises:

Are the findings of the jury, in its answers to interrogatories before set out, in such irreconcilable conflict therewith that the general verdict cannot stand? We do not think so. Under the rule before given, the averments of the complaint upon this question become important, and should be considered in connection with the facts found by the answers to interrogatories. These averments, upon this subject, are, in substance, as follows: That the appellants' wire, carrying many thousand volts of electric current, broke, and one end thereof fell into a shade tree along the sidewalk, and hung suspended from a limb of said tree, and was, by the swaying of said limb by the wind, swung back and forth over said street and sidewalk, at times touching the ground under the tree; that said swinging wire was apparently insulated, except a space of about five inches right at the end, which was entirely uninsulated, and except also a space of about three inches some fifteen or eighteen inches above the ground which was also totally uninsulated; that such insulation of said swinging wire, except at said two points before mentioned, seemed to be perfect and sufficient to protect one touching it from the electricity passing through said wire; that this swinging wire was at a point along the street and sidewalk near the home of decedent, and he, in coming along the street to the point where said wire was hanging over said street and walk in said dangerous

condition, found his children in close proximity to said wire, and for the purpose of removing said wire and placing it beyond the reach of his said children, and other persons passing along said street, which was much traveled by men, women and children, especially school children going to and from school, and took hold of said wire at the point where it was apparently insulated, and where there was a substance around said wire resembling insulation; that the insulation of said wire, at said point where decedent took hold of it, was in fact imperfect, and was not of proper thickness, material or texture to resist the electricity in said wire, and prevent it from passing into the hand and body of said decedent; that, in fact, sufficient electricity passed into his hand and body to throw him upon the ground, and in falling the uninsulated and exposed parts of said wire fell upon and rested upon his body, and caused the entire current of many thousand volts to pass through his body, whereby he was instantly killed.

In view of these averments of the complaint, which, in considering this question, we must treat as proved, the facts found by the jury in its answers to interrogatories would not have warranted the court below, nor will they now justify this court, in saying, as a matter of law, that decedent knew when he took hold of the wire in question that he was exposing himself to danger of great bodily injury or death, and that by such act he contributed to his own death. Neither do these answers, as we view them, justify the contention of appellants that decedent was possessed of the knowledge of an expert in the handling of electric light wires. So far as the interrogatories disclose, his entire information upon the subject was the result of five months' experience with a traction company, which taught him the danger of uninsulated live wires. In fact, the only knowledge which the jury, by its answers, found that decedent had of electricity seems the explanatory cause for his conduct, considered in the

light of the conditions that surrounded him. This knowledge taught him the extreme danger of the electric current and the touch of the live wire. Assuming the averments of the complaint to have been proved, he knew, or at least believed, that, so far as touch was concerned, the purpose of insulation was to make the wire safe, and that the insulated wire was a dead wire. He saw this broken, hanging wire suspended over the street and sidewalk, and saw the two uninsulated bare spots at and near the end toward the ground, and realized the danger to which children and other persons would be exposed by the touch of this loose, swinging wire at said exposed uninsulated portion, and, believing that he could safely take hold of said wire at its insulated portions, remove it to a place of safety, and thereby prevent the risk of injury to his own children and other persons ignorant of the dangers of an exposed live wire, he took hold of the wire, at a point that to him appeared to be insulated and safe, to remove it, with the result alleged in the complaint. Taking the averments of this complaint as proved, decedent was led to his death by the deceptive insulated appearance of the wire. Can it be said that this court should, or could, say, as a matter of law, that such circumstances and such mistake in judgment constitute contributory negligence? The question of the extent and character of the knowledge of decedent as to the dangers of electric wires and the influence such knowledge should have over his conduct in taking hold of the wire in question, was clearly one of fact for the jury, as was the entire question of contributory negligence.

Appellants cite a number of cases which we think, when read in the light of the particular facts in the cases cited, furnish no support to appellants' contention in this case. These cases assert the general principles that one who casts himself upon known dangers, where the act subjects him to a known peril, is guilty of contributory negligence, and that knowledge of the danger increases

the degree of care to be exercised. That is to say, knowledge of danger is an important factor in determining the question of contributory negligence, and a higher degree of care is required from one with knowledge of danger to amount to ordinary care, than would be required from one without such knowledge. These principles are founded in reason and are the law; but, as we view them, they are in no sense decisive of the question presented by the general verdict and the answers to the interrogatories in the case at bar. In fact, as we view these cases cited by appellants, and the case under consideration, they furnish, by inference at least, good reason against appellants' contention in this case. These cases all recognize that "knowledge of the danger," in each particular case, its character and extent and its influence upon the conduct of its possessor in causing him to do, or to omit, the act charged to be contributory to his injury, is generally speaking, a question of fact to be determined by the jury, and not a question of law for the court.

Some of the cases cited by appellee present a state of facts very similar to those here presented, and strongly support the conclusion which we have reached in this 4. case. This is especially true of the case of *Clements* v. *Louisiana Electric Light Co.* (1892), 44 La. Ann. 692, 11 South. 51, 16 L. R. A. 43, 32 Am. St. 348, in which the court said: "The wires were visible and to all appearances were safe. The great force that was being carried over the wire gave no evidence of its existence. There was no means for a man of ordinary education to distinguish whether the wire was dead or alive. It had all the appearance of having been properly insulated. From this fact there was an invitation or inducement held out to Clements to risk the consequences of contact. He had a right to believe they were safe, and that the company had complied with its duties specified by law. He was required to look for patent and not latent defects. Had he known of the

defective insulation and put himself in contact with the wire, he would have assumed the risk. The defect was hidden, and the insulation wrapping was deceptive. It is certain, had it been properly wrapped, Clements would not have been killed. His death is conclusive proof of the defect of the insulation and the negligence of defendant. He exercised reasonable care in going under the wire in the performance of his duty, as he had a right to believe, from external appearances, that the wire was safe. His action was such as not to tend to expose himself directly to the danger which resulted in the injury. In fact there was no apparent danger." To the same effect are the following cases: *Giraudi* v. *Electric Improve. Co.* (1895), 107 Cal. 120, 40 Pac. 108, 28 L. R. A. 596, 48 Am. St. 114; *Ennis* v. *Gray* (1895), 87 Hun 355, 34 N. Y. Supp. 379; *McLaughlin* v. *Louisville Electric Light Co.* (1896), 18 Ky. Law 693, 37 S. W. 851; *Illingsworth* v. *Boston Electric Light Co.* (1894), 161 Mass. 583, 37 N. E. 778, 25 L. R. A. 552; *Fitzgerald* v. *Edison Electric, etc., Co.* (1901), 200 Pa. St. 540, 50 Atl. 161.

The question, whether an injured or deceased party was guilty of negligence contributing to his injury or death, within the meaning of the law, depends for its answer in its last analysis upon whether he, at the time of his injury or death, under all the facts, circumstances and conditions, acted as an ordinarily prudent man would have acted if similarly situated. Judged by this test, we think the evidence tended to show that the decedent was free from negligence contributing to his death; and, in any event, the question was one of fact, which no tribunal is better fitted or qualified to determine than a jury of twelve men. We find no ground for disturbing the judgment in this case.

Judgment affirmed.