STANDARD PAVING COMPANY *v.* FEGAN

[No. 14,489.   Filed March 13, 1933.   Rehearing denied
June 30, 1933.]

*Charles E. Henderson, Laurens L. Henderson* and
*Wray & Sullivan,* for appellant.

*Alvah J. Rucker, James A. Collins, B. Howard
Caughran,* for appellee.

KIME, P. J.—This action was instituted by Thomas
A. Fegan against the Standard Paving Company and

the City of Indianapolis, to recover damages for personal injuries alleged to have resulted from the negligence of each of the defendants.

Each defendant filed an answer in general denial. Trial by jury which resulted in a verdict in favor of appellee against appellant paving company only in the sum of $1,350.00. With the verdict the jury also returned answers to 31 interrogatories submitted by appellant. Appellant filed a motion for judgment on the answers to the interrogatories notwithstanding the general verdict, which motion the court overruled. Appellant filed a motion for a new trial, which was also overruled, and the court then rendered judgment on the verdict.

Appellant assigns as error and presents that the court erred in overruling its motion for judgment on the interrogatories, and in overruling its motion for a new trial, under which it presents error in the giving and refusal to give certain instructions, the insufficiency of the evidence to sustain the verdict and that the verdict is contrary to law.

Appellant has specifically waived its assignment that the court erred in overruling the motion for judgment on the interrogatories. In its reply brief appellant also admits that it has waived all reasons set forth in the motion for new trial, except that pertaining to the insufficiency of the evidence to sustain the verdict and that the verdict is contrary to law, by reason of its failure to discuss same.

The facts herein are substantially as follows: Appellee was a grocery salesman 70 years of age, and lived in the 3300 block of North Illinois street in the City of Indianapolis. The evidence shows that on the evening of October 14, 1930, appellee was on his way home and rode as far as 30th street in an automobile; that he

then proceeded to walk north towards his home, on the east side of the street; that at that time certain improvements were being made in Illinois street and that said improvements had been going on for a period of two months. As appellee walked north across 30th street to the sidewalk on the east side of Illinois street he came upon a waist high trestle which had been placed along the curb to protect certain brick work which had been laid adjacent to the curb. Appellee walked around this trestle and continued north on Illinois street. When he came to 32nd street he found another waist high testle with a light on it. This trestle extended clear across the curb of the sidewalk upon which he was walking. Appellee testified that he went out on the street around this trestle, that there was a trestle on the other side of 32nd street with a light on it; that he got on the sidewalk along all the other obstructions until he came to 33rd street. He further testified that when he came to 33rd street he was smoking his pipe and had a grip and another package in his hand, that he did not notice anything, that there was no lgiht and that he didn't see any obstruction. The evidence shows that appellee tripped over a trestle which was across the curb of the sidewalk at this point, fell into the street and was injured. Appellee testified that the trestle he tripped over was about an 8-inch board with two little pieces nailed on it, that the whole trestle was only about 10 inches high. In answer to a question as to what lanterns, lights or warning signals were on the trestle at that time appellee said "there was nothing." Appellee also testified that he did not know that the tresetle was there before he hit same, and that it was dark on the sidewalk. Asked whether or not he was paying particular attention to what he was doing just before he came to the barrier at

33rd and Illinois street, appellee answered, "no." Appellant has also set out in its brief considerable evidence pertaining to the intensity of the street light at the intersection, appellee's knowledge that construction work was going on in the vicinity and other evidence, upon all of which it places particular stress for the purpose of showing that appellee was guilty of contributory negligence as a matter of law. We have made a careful study of all the evidence and it is our opinion that many of the matters stressed by appellant do not warrant discussion here.

The jury's answers to special interrogatories show that the electric light at the intersection was burning but that it did not light up the sidewalk in question so that appellee could have seen the barrier thereon when he was five or six feet therefrom. The answers also show that appellant did not place a waist high trestle at the place of the accident and that the trestle that was there did not have any red lantern thereon. The evidence shows that appellee had exercised proper precaution in going around waist high barriers at other points, and in view of the fact that appellant had placed such trestles of uniform height with lights on them all along the street, the placing of a shin high unlighted trestle at the point of the accident, as the evidence showed, was a condition that the jury was entitled to consider.

Appellant urges that appellee's failure to "pay particular attention to where he was going" made him guilty of contributory negligence as a matter of law. With this we do not agree. There was sufficient evidence to warrant the jury in finding that appellee was exercising "ordinary care" under the circumstances, and this is the only standard of care recognized in this state. *Union Traction Co.* v. *Berry,*

*Admr.* (1919), 188 Ind. 514, 121 N. E. 655, 658, 124 N. E. 737, 32 A. L. R. 1171. We know of no rule of law requiring one to pay *particular* attention to where he is going. Appellant cites the case of *City of Evansville* v. *Christy* (1901), 29 Ind. App. 44, 63 N. E. 867, wherein this court held that plaintiff's own evidence showed her to be guilty of contributory negligence. She testified that the defect had existed for five or six years, that she saw it every time she passed over it and that she never paid *any* attention to it. We think the Christy case is clearly distinguishable from the case at bar. We realize, of course, that ordinary care may vary under different conditions, but the question of whether or not ordinary care was exercised is ordinarily a question of fact for the jury.

"It is only when the standard of duty is fixed and certain, or where the measure of duty is defined by law, or when the negligence is so clear and palpable that no verdict could make it otherwise, that the question of negligence becomes one of law and not one of fact." *New York, etc., R. Co.* v. *Hamlin* (1908), 170 Ind. 20, 39, 83 N. E. 343, 349, 15 Ann. Cas. 988; *Town of Newcastle* v. *Grubbs* (1908), 171 Ind. 482, 496, 86 N. E. 757. We do not find such a condition here.

There is sufficient evidence to sustain the verdict, and the verdict is not contrary to law. The judgment of the Marion Superior Court is therefore in all things affirmed and it is so ordered.