## TOWN OF FRANKTON *v.* CLOSSER

[No. 16,101. Filed April 11, 1939. Rehearing denied November 28, 1939.]

*William L. Peck,* for appellant.

*Arthur C. Call,* and *Charles B. Salyer,* for appellee.

STEVENSON, P. J.—The appellee filed suit against the appellant to recover damages for alleged negligence in permitting a wire which had come in contact with a high voltage electrical light wire owned, operated, and maintained by the appellant as a part of its lighting system to lie in a public street of the town of Frankton.

The first paragraph of complaint was for damages for personal injuries sustained by the appellee when his cow which he was leading by a chain came in contact with the wire in the street and was killed, and the appellee was shocked and injured.

The second paragraph of complaint was for damages for the loss of the cow. After various motions were addressed to this complaint and amendments made, the cause was submitted to a jury for trial on a second amended complaint to which an answer had been filed in general denial. Upon a trial of the case, verdict and judgment for the appellee was rendered in the sum of $2100.00. A motion for new trial was filed and overruled and this appeal has been perfected.

The errors relied upon for reversal are: first, that the court erred in overruling appellant's motion to require the appellee's second amended complaint to be made more specific; second, that the court below erred in overruling appellant's demurrer to the first and second paragraphs of appellee's second amended complaint; third, that the court below erred in overruling appellant's motion for new trial.

With respect to the first error assigned, attention is directed to the appellee's second amended complaint which, after alleging generally that the Town of Frankton owned, operated, and controlled its distribution system for electric current, contained among others the following allegations:

"That on or about the 13th of August, 1935, and at the time the Plaintiff received the injuries hereinafter set out, the electric wires above described were charged with a high voltage of electricity. That said electric light pole carrying said wires and electric current and located in

Eighth Street, and said street at that time was being used as a public thoroughfare. That near the top of said pole was what was known as cross arms or bars used for the fastening of wires for the purpose of conveying the electric current. That Defendant was placing along and on said arms additional wires and permitted and allowed said wires to extend in a loose manner from the cross bar down along said pole to the ground and form a continuous coil of wire on the ground near the base of said pole, and allowing said wire to hang from the cross bar and swing, vibrate, touch and come in contact with the high voltage wires on said cross bar, thereby charging said wire and the coil of wire on the ground, which wire was continuous with a high voltage of electric current, and when so charged was extremely dangerous to any person coming in contact therewith, and which facts were well known to this defendant, and allowing said wire to lay in the street or public thoroughfare, without giving any signal or warning of said danger."

The objections made to the above paragraph in the motion to make more specific were that the appellee should be required to set out the facts upon which his conclusions were drawn and that he should clear up the ambiguities and inconsistencies in said paragraph. While it is true that the complaint in this case does not contain a recital of such facts as render it entirely free from criticism, we are of the opinion that the appellant was sufficiently advised by this complaint of the nature and character of the charges it would be required to meet. Especially is this true where all the matters mentioned in the complaint were peculiarly within the knowledge of the defendant. This court has repeatedly held that where the allegations in the complaint are sufficient to apprise the appellant of the negligent

acts complained of, a motion to make such complaint more specific may be properly overruled. *(Indianapolis Power and Light Company* v. *Moore* (1937), 103 Ind. App. 421, 5 N.E. (2d) 118), and cases cited.

We have read the evidence offered in the trial of this case and it does not appear from the record that the appellant was in any way misled as to the issues presented, or that the failure to make the complaint more specific prevented the appellant from making any defense which it might have had to the cause of action. As has been stated by this court:

" 'While the granting or refusing of such motions is not a matter wholly within the discretion of the *nisi prius* courts, it is nevertheless so far discretionary that a reversal would not follow, except in a case where it appeared that the rights of the party complaining may have suffered'." *(Terre Haute, etc., Traction Co.* v. *McDermott* (1924), 82 Ind. App. 134, 138, 144 N.E. 620.)

We are of the opinion that the court committed no reversible error in overruling the motion to make the second amended complaint more specific.

The appellant's demurrer challenges the sufficiency of the complaint for substantially the same reasons contained in the motion to make the complaint more specific. In addition to this, however, the demurrer also charges that the complaint is insufficient for the reason that it does not allege that the electric current which injured the appellee came from a wire which supplied the appellant's customers with electrical energy. In support of this contention the appellant contends that if the electric current came from a wire which afforded energy for street lighting purposes only, then the city was engaged in

a governmental function and as such was not liable for its torts. It is apparent from a reading of the complaint that the appellant was charged generally with negligence in permitting and allowing wires charged with electricity to lie in a public street thereby creating a dangerous condition in the street. The case was tried upon that theory and the court instructed the jury on that theory. It is our opinion therefore that it was not necessary for the appellee to allege in his complaint and prove as an essential element in his case in chief that the electrical energy with which the wire in the street was charged, came from a source which supplied only private customers of the municipally owned utility.

For this reason there was likewise no error in refusing appellant's tendered instruction Number 2.

The demurrer also challenges the sufficiency of the complaint for the reason that it does not allege the manner in which the notice of the alleged injury was served upon the appellant. The complaint alleges "that said notice was served within sixty days after said accident . . . and which notice was served on the president of the Town Board of the Town of Frankton." A copy of the notice which described briefly the nature and extent of the damages claimed together with a statement of the time and place where such injury was sustained was filed with the complaint as an exhibit. It will be noted that the statute which requires the giving of such notice requires that the same shall be served upon the mayor or clerk of such city or upon a member of the Board of Trustees of any such town either by delivery thereto in person or by registered mail with return card. (§ 48-8001 Burns Ind. Statutes Annotated 1933.)

It is our opinion that the allegation in the complaint

to the effect that the notice was served on the president of the town board of the Town of Frankton, Indiana is a sufficient allegation of the fact.

The fact showing the giving of notice must be alleged in the complaint. (*City of Indianapolis* v. *Uland* (1937), 212 Ind. 616, 10 N.E. (2d) 907.) But the manner in which the notice was given is an evidentiary matter which need not be specifically alleged. The evidence in this case discloses that the notice was served in the manner provided by statute, and the form and contents of the notice is not challenged.

The appellant further challenges the sufficiency of the complaint for the alleged reason that it shows on its face that the appellee was guilty of contributory negligence. The complaint alleges that "the plaintiff's cow came in contact with the electric wires charged with electricity and was killed instantly and that the plaintiff herein, without knowing what the trouble was and without realizing the apparent danger, came in contact with said wire and electric current and said current burned, shocked, weakened and paralyzed plaintiff's right hand, arm" etc.

The second paragraph of complaint was amended to contain the allegation following the alleged loss of the cow, that the same was occasioned "all without any fault of the plaintiff contributing thereto." Without commending the pleading, we think it was sufficient as against the above objection to repel a demurrer.

The third error assigned is that the court erred in overruling appellant's motion for new trial. The appellant contends under this assignment of error that the verdict of the jury was not sustained by sufficient evidence and was contrary to law. Under this assignment of error the appellant contends that there was no evidence tending to show that the appellant had

knowledge of the dangerous condition in the street in time to have repaired the same before the accident. Various witnesses testified as to the condition of the poles and lines on the evening before the accident complained of, as well as the conditions existing immediately following the accident.

It is our opinion that the evidence was such that the jury might have found that the wire which occasioned the injury complained of was left hanging from the pole by the workmen for the city when they left the job on the evening before the accident. Where there is any evidence to support the verdict of the jury, this court can not disturb the same.

The appellant further contends that the undisputed evidence in this case shows that the appellee was guilty of contributory negligence as a matter of law.

The evidence disclosed that the appellee was leading his cow by a chain and that the cow was walking along the path beside the pole line which carried the electric wires. In answer to the question, "Did you look ahead down along the path, ahead of the cow?" the appellee stated, "I wasn't paying any attention—just walking beside the cow." The appellee received an electric shock at the same instant the cow was killed. It is upon this state of facts that this court is urged to say as a matter of law in the reasons assigned for new trial that the appellee was guilty of contributory negligence. Whether the appellee was guilty of contributory negligence or not was a question peculiarly for the jury and this could become a question of law for the court only when the circumstances were such that but one inference could be drawn by reasonable minds with reference to the appellee's conduct upon such occasion. The appellee did not know that the wire, hanging from the pole,

was charged with electric current and in fact did not know that the wire was down it all. The appellee had a right to assume, in the absence of knowledge to the contrary, that the street over which he was traveling was reasonably safe. Whether or not he was negligent in failing to see and discover the presence of the wire in time to avoid contact therewith was a question for the jury to pass upon. *(Beaning* v. *So. Bend Electric Company* [1910], 45 Ind. App. 261, 90 N.E. 786; *Standard Paving Company* v. *Fegan* [1933], 97 Ind. App. 300, 184 N.E. 715; *City of Tipton et al.* v. *Racobs, Administratrix* [1911], 47 Ind. App. 681, 95 N.E. 265.)

The appellant assigns as an additional cause for a new trial that the court committed error in admitting in evidence a copy of the notice served upon the president of the town board setting forth the time, place, nature, and character of the appellee's injury. The objection made to the admissibility of the copy was predicated upon their failure to produce the original. It is apparent from a reading of the evidence that two type-written copies of the notice to the city were prepared by an attorney for the appellee, one copy of which was personally delivered to the president of the town board and the other copy was offered in evidence at the trial. No objection was made nor was there any effort to show that the copy offered in evidence was not a carbon copy of the original. In the absence of such showing we may fairly infer that the type-written copies prepared by the attorney were carbon copies or duplicate originals and as such they may be introduced in evidence without accounting for any other impressions of the writing. *(Pittsburgh, etc., R. Co.* v. *Brown* [1912], 178 Ind. 11, 97 N.E. 145 98 N.E. 625; *Watts* v. *Geisel* (1935), 100 Ind. App. 92, 194 N.E. 502.

Complaint is further made by the appellant as to the giving of many instructions by the court on its own motion. Without discussing each one of these instructions complained of, we believe that the instructions when read and considered as a whole fairly state the law applicable to the issues and the evidence as disclosed by the record in this case. Even though some of the instructions complained of contained statements which might have been irrelevant to the issues, we do not feel that the jury was misled thereby to the detriment of the appellant. *Prudential Ins. Co.* v. *Thatcher* (1937), 104 Ind. App. 14, 4 N.E. (2d) 574; *Kraning* v. *Taggart* (1936), 103 Ind. App. 62, 1 N.E. (2d) 689; *Adkins* v. *Ropp* (1938), 105 Ind. App. 331, 14 N.E. (2d) 727. There was accordingly no reversible error in the giving of the instructions challenged.

The appellant further alleges that the damages awarded in this case are excessive. There was evidence to the effect that the plaintiff's injury rendered him unconscious for a time; that he suffered acute pain in the hand, arm and back; that he still suffers pain in the hand and arm; that his rest is still disturbed at night; that the function of his kidneys has been disturbed by the shock and that he has suffered impairment in the use of his right hand to the extent of about eighty-five (85) per cent.

In view of this evidence, we can not say that the damages assessed by the jury were excessive. For the reasons assigned it is our opinion that the court committed no error in overruling the motion for new trial. Finding no reversible error, judgment of the trial court is accordingly affirmed.

Judgment affirmed.