## CITY OF FRANKLIN *v.* SMITH.

[No. 21,760.   Filed February 17, 1911.]

1.  MUNICIPAL CORPORATIONS.—*Defective Sidewalks.—Complaint.— Exhibits.—Notice of Injury.*—Where a complaint against a city for damages for injuries. sustained by the plaintiff because of a defective sidewalk alleges that the plaintiff "served notice upon the mayor of said city within sixty days after said injury," a copy of such notice being attached as an exhibit to the complaint, it sufficiently shows that the statutory notice (§8962 Burns 1908, Acts 1907 p. 249) was given.   pp. 237, 238.

2.  STATUTES.—*Titles. — Constitutional Law. — Cities. — Defective Streets.—Injuries.—Notice.*—The act of 1907 (Acts 1907 p. 249, §8962 Burns 1908) requiring persons who are injured because of defective streets in cities to notify such cities of such injuries within a certain time, is not invalid on the ground that the act embraces more than one subject-matter, or that the subject-matter is not expressed in the title.   p. 238.

3.  MUNICIPAL CORPORATIONS.—*Defective Sidewalks.—Complaint.*— A complaint alleging that a named street in defendant city "was out of repair, dangerous to travelers, and defective in this, to wit: * * * one of said flagstones [of which the sidewalk was alleged to be composed] was raised above the level of the grade of said sidewalk about five inches, and that said flagstone had been so raised for more than a year prior to said April 10, 1909, which fact was well known to the defendant," sufficiently shows negligence on the part of such city.   p. 238.

4.  MUNICIPAL CORPORATIONS.—*Defective Sidewalks. — Proximate Cause.—Complaint.*—A complaint alleging that the plaintiff was walking with due care along a sidewalk in defendant city, "wholly unaware of the dangerous condition at said point where said defect existed, and suddenly and without any fault on the part of the plaintiff * * * he was precipitated violently to the sidewalk, his feet striking the said raised flagstone at said point on said sidewalk with such force that the first metatarsal bone of the right foot was fractured and broken," does not show that the defect in the sidewalk was the proximate cause of the injury.   pp. 239, 240.

5.  NEGLIGENCE.—*Proximate Cause.—Complaint.*—A complaint for negligence must affirmatively show that the negligence complained of was the proximate cause of the injury sustained.   p. 240.

From Brown Circuit Court; *William E. Deupree*, Judge.

Action by David F. Smith against the City of Franklin. From a judgment for plaintiff, defendant appeals. *Reversed.*

*E. L. Branigan* and *Thomas Williams,* for appellant.
*L. E. Ritchey,* for appellee.

MORRIS, J.—Appellee sued appellant, in the Johnson Circuit Court, for alleged personal injuries sustained because of a defect in a sidewalk. The venue of the action was changed to the Brown Circuit Court, where, after trial by jury, judgment was rendered for appellee on a verdict for $500. Appellant has assigned error in the action of the court below in overruling its demurrer to the complaint for insufficient facts, in overruling its motion for judgment, notwithstanding the verdict, on the answers to interrogatories submitted to the jury, and in overruling its motion for a new trial.

The cause was appealed to the Appellate Court, but on October 4, 1910, on petition by appellee, showing that the case presented a question of the constitutionality of a statute of Indiana, it was transferred to this Court.

Under the assignment that the court erred in overruling the demurrer to the complaint, appellant contends that the complaint is insufficient, because the notice to the city,

1.    prescribed by the act of 1907 (Acts 1907 p. 249, §8962 Burns 1908) is not a written instrument within the meaning of §368 Burns 1908, §362 R. S. 1881, and a copy of such notice filed with the complaint, as an exhibit, did not thereby become a part of the complaint, and cannot be considered in determining its sufficiency. The allegation of the complaint with reference to the notice is as follows: "Plaintiff says that he served notice upon the mayor of said city within sixty days after said injury was received as above, a copy of which notice is hereto attached, made a part hereof and marked exhibit A." Appellee contends that, in any event, notice was unnecessary, because §8962, *supra,* is in conflict with article 1, §23, and article 4, §19, of

the Constitution of Indiana, and the 14th amendment to the Constitution of the United States.

Since this cause was transferred from the Appellate Court, it was decided by this court in the case of *Touhey* v. *City of Decatur* (1911), *ante*, 98, that the statute in question is not in violation of §23, *supra*, nor of said 14th amendment.

The further contention of appellee, that the act violates article 4, §19, of our Constitution, because, as he asserts, it embraces more than one subject-matter, and be-
2.  cause the subject-matter is not expressed in the title, cannot prevail. The legislation is not open to either objection, and the statute is not invalid because of any of the questions raised by appellee with reference thereto.

Was it proper to file a copy of the notice with the complaint as an exhibit? In *Touhey* v. *City of Decatur, supra,* this court held that the giving of a notice, as provided
1.  in the act of 1907, *supra*, is a condition precedent to a right of action. In proceedings to foreclose mechanics' liens, it has been held proper to file a copy of the notice as an exhibit. *Wasson* v. *Beauchamp* (1858), 11 Ind. 18; *Scott* v. *Goldinghorst* (1890), 123 Ind. 268. For analogous reasons, it was proper for appellee to file with his complaint, as an exhibit, a copy of the notice to the city. The sufficiency of the notice itself is not questioned by appellant.

Appellant next contends that the omission to keep the sidewalk in repair is not characterized as negligent, and that sufficient facts are not alleged to compel the
3.  inference of negligence. So much of the complaint as refers to this matter is as follows: " That Jefferson street, in said city, is and has been the principal and public street for twenty-five years; * * * that on or about April 10, 1909, said street and sidewalk were, by the negligence of defendant, allowed to be and remain out of repair, and the sidewalk along the north side of said street, in front of the residence property of Mrs. Frank Sibert, and

now occupied by her as her home, near the intersection of said Jefferson street and Home avenue, in said city, which has been and now is constructed of flagstone, was out of repair, dangerous to travelers, and defective in this, to wit: at said last-described portion of said street one of said flagstones was raised above the level of the grade of said sidewalk about five inches, and that said flagstone had been so raised for more than a year prior to said April 10, 1909, which fact was well known to the defendant and all its proper officers for more than a year prior to said last date, and that said city and its said officers at all times failed and refused to repair said sidewalk at said point." It will be noticed that the complaint alleges that the entire sidewalk was negligently permitted to be and remain out of repair, and that at one portion thereof one of the flagstones was raised above the level of the grade of the sidewalk about five inches, and had been in that condition for more than a year, with appellant's full knowledge. Said allegations are sufficient, on the question of appellant's negligence, to repel a demurrer for want of facts.

It is finally contended by appellant that the complaint is fatally defective because it does not allege any causal connection between the negligent omission of defendant 4.  and plaintiff's injury. If such connection is alleged, it is in that part of the complaint which reads as follows: " That on said April 10, 1909, between the hours of 10 o'clock p. m. and 11 o'clock p. m., plaintiff was lawfully and with due care passing along said street upon said sidewalk, wholly unaware of the dangerous condition at said point where said defect existed, and suddenly and without any fault on the part of the plaintiff, while walking there, he was precipitated violently to the sidewalk, *his feet striking said raised flagstone at said point on said sidewalk with such force that the first metatarsal bone of the right foot was fractured and broken.*" Appellant maintains that the portion of the complaint which we have italicized is merely

a recital, and cannot be considered and that with such recital deemed as well pleaded, there is still lacking any charge that appellant's negligence was the proximate cause of the injury.

That it is not enough for a complaint, in such a case as this, to charge the defendant with negligent acts or omissions, without the further charge that such negligence 5. was the proximate cause of the injury, to be sufficient to repel a demurrer, is settled beyond all possible controversy. *City of Logansport* v. *Kihm* (1902), 159 Ind. 68; *Baltimore, etc., R. Co.* v. *Young* (1896), 146 Ind. 374; *Corporation of Bluffton* v. *Mathews* (1883), 92 Ind. 213; §343 Burns 1908, §338 R. S. 1881; 28 Cyc. 1467.

In *Corporation of Bluffton* v. *Mathews, supra,* the portion of the complaint in controversy was similar to this one, and was as follows: " That on the evening of the 4. ——— day of ——————, 1881, plaintiff, without any fault or negligence on her part, and while with due caution passing along said sidewalk, was precipitated and fell into said excavation in said sidewalk, to the depth of said excavation, striking the bottom thereof with great force and violence, by means whereof she was greatly injured." In reversing the judgment, the court said: " To render the appellant liable it was necessary to show, in the complaint, by the averment of issuable facts, a wrong on the part of the appellant and damage to the appellee, and that the wrong was the proximate cause of the damage. The complaint did not show that when the appellee was injured the appellant was chargeable with fault, or that her injury was caused by the appellant's wrongful act or omission."

In the complaint in this case it is true that it is stated that the fracture was caused by the fact that plaintiff's feet struck the raised flagstone with violence, but this does not suggest the inference that it was the raised position of the flagstone that caused the injury. If any portion of the human body strikes a flagstone with sufficient force, injury

will surely result, and it would make no difference whether the flagstone lies on a level with or projects far above those surrounding it. The proximate cause of appellee's injury was whatever " precipitated him violently to the sidewalk." The flagstone, in itself, was harmless. In discussing the question of proximate cause, this court said in the case of *New York, etc., R. Co.* v. *Hamlin* (1908), 170 Ind. 20: " There has been much learning indulged by the courts in defining the distinction between the paramount or efficient cause of an accident and the causes that are merely incidental or instrumental to the superior responsible agency. Being the nearest in order of time is no criterion. The proximate cause is that which originates and sets in motion the dominating agency that necessarily proceeds through other causes as mere instruments, or vehicles, in a natural line of causation to the result."

Waiving the question of recital of facts, and treating them as directly averred, the complaint does not state a cause of action, because it wholly fails to aver any causal connection between appellee's injury and appellant's negligence. The other errors assigned are not considered, because on another trial of the cause it is not likely that the same questions will arise.

Judgment reversed, with instructions to sustain the demurrer to the complaint.