## BITUMINOUS CAS. CORP. v. CITY OF EVANSVILLE, INDIANA.

### No. 10399.

United States Court of Appeals
Seventh Circuit.

Oct. 2, 1951.

Edmund F. Ortmeyer, Frederick P. Bamberger, William P. Foreman, all of Evansville, Ind., Frank J. Crawford, Frank P. Crawford, Terre Haute, Ind., for appellant.

William T. Fitzgerald, Herman L. McCray, Evansville, Ind., Ruth E. Maier, Nat H. Youngblood, Evansville, Ind., for defendant-appellee.

Before KERNER, DUFFY, and SWAIM, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff, a Workmen's Compensation Insurance carrier, filed its complaint for statutory subrogation against defendant, the city of Evansville, Indiana, charging that as a result of the negligence of one of its employees, plaintiff became liable for injuries sustained by an employee of Bower Brothers, under a policy of workmen's compensation insurance issued to that employer. This liability was fixed at $6,741, including payments for medical and hospital care and for temporary total and permanent partial disability, which amount plaintiff was ordered by the Industrial Commission to pay and did pay in lump sum on behalf of the insured employer.

Defendant moved to dismiss the action on three grounds. 1. The complaint failed to state a claim on which relief could be granted. 2. It did not show compliance with the requirement of 60-day notice of the occurrence of the accident as provided by Indiana statute in the case of claims against a municipal corporation. 3. The action was not commenced within one year after the acceptance of the compensation awarded. The District Court sustained defendant's motion and dismissed the action, and from that judgment the appeal is prosecuted.

Section 48–8001, Burns' Indiana Statutes, in effect at the time the accident here involved occurred, provides as follows: "Notice of claim against cities and towns.— Hereafter no action or actions of any kind for damages arising from any negligence * * * of any municipal corporation that causes injury to any person, or loss, injury or damage to any property, or any wrongful death, and regardless of to whom any such action or actions may accrue, shall be brought or maintained against any municipal corporation of this state unless there is first served upon either the mayor or clerk of any such city * * * either by delivery thereto in person or by registered mail with return card, a written notice of the occurrence complained of, setting out therein a brief general description of the date and time, the place, the conditions and cause, the nature and extent of the injury to person and loss, injury or damage, if any, to property, the date and cause of any resulting death charged as wrongful and the nature of the damages arising to anyone therefrom, all as associated with and caused by such occurrence. Such notice shall be dated and signed by the person giving the same and must be served as aforesaid so as to be received by some such municipal official aforesaid within sixty (60) days after the occurrence complained of, regardless of what causes of action may arise or result therefrom * * *."

The complaint nowhere alleged compliance with this statutory requirement of notice. Appellant contends, however, that the statute cannot be applied to bar a cause of action which did not accrue until long after the 60-day period elapsed, and further, that this requirement was rendered inapplicable to its cause of action as a subrogee by the later enacted amendment to the Workmen's Compensation Act authorizing action by a subrogee at any time within one year after the acceptance of a compensation award, notwithstanding the provisions of any statute of limitations to the contrary. Burns' Ann.St. § 40–1213.

Notice requirements such as the one here involved are quite generally found in the statutes and are generally construed as mandatory and a condition precedent to the right to sue. See 6 McQuillin on Municipal Corporations (2nd Ed. as revised, 1937) § 2888. The statute here involved has been so construed by the Indiana courts. City of Indianapolis v. Evans, 216 Ind. 555, 564, 24 N.E.2d 776; Sherfey v. City of Brazil, 213 Ind. 493, 13 N.E.2d 568. As was said of a similar statute, "The object * * * is to provide timely notice to the City that a party claims to have sustained an injury and proposes to enforce his claim against the City by suit, so that the municipality

may investigate 'while surrounding conditions are fresh' to determine the justice of the claim . * * *." Lutsch v. City of Chicago, 318 Ill.App. 156, 159, 47 N.E.2d 545, 546.

■ We find nothing in the terms of the statute to exclude the subrogation claims of compensation insurance carriers from its operation. In fact, it appears to be all inclusive, requiring the notice, as it does, "regardless of what causes of action may arise or result therefrom * * *." Nor does it appear that a compensation insurance carrier is precluded from serving the notice since it need not be signed or served by the injured person—the only requirement as to this is that it must be "signed by the person giving the same * * *." It appears that the compensation policy, a copy of which was attached to the complaint, imposes an obligation upon the insured employer to give the insurer immediate notice upon the occurrence of any accident "with the fullest information obtainable." With such information at hand, the insurer would be in a position to cause the necessary notice to be served either on behalf of the injured employee or, upon furnishing compensation benefits required by its policy, on its own behalf as subrogee.

■ Appellant's right of subrogation creates no new cause of action, as it contends, but only entitles it to enforce the rights of the injured employee to the extent of reimbursement for its own expenditures on account of his injuries under the terms of the policy. See Employers' Liability Assurance Co. v. Indianapolis, etc., Traction Co., 195 Ind. 91, 144 N.E. 615. And the only effect of the 1945 amendment to the Act, § 40–1213, was to extend the time for it to enforce its right of subrogation to one year after acceptance by the injured employee of the compensation awarded. Standard Accident Ins. Co. v. Pet Milk Co., 118 Ind.App. 477, 78 N.E.2d 672. However, such statutory extension of time is of no avail in the absence of compliance with the statutory requirement of service of the 60-day notice as a condition precedent to the filing of the suit.

Judgment affirmed.