STATE OF INDIANA ON RELATION OF ROBERTS *v.* GRAHAM,
TRUSTEE OF MILLGROVE SCHOOL TOWNSHIP
OF STEUBEN COUNTY

[No. 28,888. Filed March 11, 1953.]

*Bell & Bell*, of Indianapolis, and *W. O. Hughes*, of Fort Wayne for appellant.

*Henry C. Springer*, of Butler, and *Winslow Van Horne*, of Auburn for appellee.

DRAPER, J.—This is an action by Willis R. Roberts, relator, against Millgrove School Township of Steuben County, Indiana, and Albert Graham, Trustee thereof, whereby the appellant seeks to mandate the appellees to reinstate him to his former position as a teacher for the school year 1950-1951, on the same terms and at the same salary which he received the school year 1949-1950.

The action was brought pursuant to the provisions of Acts 1939, ch. 77, as amended, being Burns' Stat., §28-4321, which provides in part that:

"Contracts wherein a township school corporation is a party shall be deemed to continue in force for the succeeding school year on the same terms and for the same wages plus any increases as provided by the provisions of chapter 101 of the Acts of 1907 and acts amendatory thereof, known as the Teachers' Minimum Wage Law, unless on or before the day during which the teacher has completed his customary reports regarding the promotion of pupils and has filed a copy of same at the office of the township trustee, but in no case later than five (5) days after the expiration of the school term the teacher shall be notified by the school corporation in writing delivered in person or mailed to him or her at last and usual known address by registered mail that such contract will not be renewed for such succeeding year or unless such teacher shall deliver or mail by registered mail to such trustee his or her written resignation as such teacher or unless such contract is superseded by another contract between the parties."

The court below tried the case without a jury. It found for the appellees and denied the appellant any relief. From the overruling of his motion for a new trial the appellant prosecutes this appeal.

The first specification in appellant's motion for new trial is as follows: "1. Accident or surprise, which ordinary prudence could not have guarded against."

In support of this specification the appellant filed an affidavit to the effect that the trial judge, before rendering a decision, stated that the burden of proof was on the plaintiff (appellant) to prove that the school corporation did not deliver to him, in person, a written notice of dismissal.

If the asserted error were properly assignable under Sub. 3 of Burns' Stat., §2-2401 (Accident or surprise which ordinary prudence could not have guarded against), it would be proper to support it by affidavit. See Burns' Stat., §2-2404. But no application for a continuance or to set aside the submission of the cause was made, as is usually necessary in such cases, and we do not believe that an interpretation of the law expressed by a court during the course of legal proceedings, even though erroneous, is such an "accident" or is ever so surprising to counsel that it can be said to classify as being proper for specification under this subdivision of the statute.

Events occurring in the presence of the court during a trial are within the knowledge of the court without affidavit and should be stated as they are known by the judge in a bill of exceptions signed by him. *Rudolph* v. *Landwerlen* (1883), 92 Ind. 34; *Stamper* v. *Link* (1947), 117 Ind. App. 212, 66 N. E. 2d 326, 69 N. E. 2d 600, 71 N. E. 2d 128. Here the statement complained of is not only asserted to have been made in the presence of the trial court, it is

asserted that the trial judge himself made the statement. It is apparent that it would be an idle procedure to permit the filing of affidavits asserting that the judge did or did not make statements which are claimed to have been made by the judge himself. In the absence of a bill of exceptions showing the contrary, the presumption of regularity must prevail. *Stamper* v. *Link, supra.*

It may be proper to state that the trial court in this case in its order overruling the motion for new trial stated that:

> ". . . this cause was tried and decided in accordance with the rule that the burden rested upon the plaintiff to prove by a preponderance of the evidence only the material allegations of his complaint and the burden rested upon the defendant to prove by a preponderance of the evidence any affirmative defenses contained in his answer and there were no comments or question raised at the trial by counsel on either side or by the court to the contrary, . . ."

Whether the inclusion of this statement in the order overruling the motion for new trial is properly before this court for consideration we need not decide, since the question attempted to be raised by the appellant is not properly before us. The affidavit filed by the appellant in support of the first assignment of the motion for new trial was not brought into the record by bill of exceptions, which of itself would prevent us from reviewing this question, as will be pointed out in connection with the fourth assignment.

The fourth assignment in appellant's motion for new trial is as follows:

> "4. Newly discovered evidence, material for the Plaintiff which he could not, with reasonable diligence, have discovered and produced at the trial."

The appellant filed with his motion for new trial an affidavit in support of the fourth assignment. In substance the affidavit asserts that the appellee admitted to the appellant, after the trial was concluded, that he, the appellee, had won the case by telling "the biggest set of lies he had ever told." The appellee filed an affidavit in which he denied making any such admission. Neither of these affidavits, nor any of the testimony heard in support of this assignment, if any was heard, has been brought into the record by bill of exceptions. It follows that this assignment presents no question for our consideration. *Gerking* v. *Johnson* (1942), 220 Ind. 501, 44 N. E. 2d 90; *McCallister* v. *State* (1940), 217 Ind. 65, 26 N. E. 2d 391; *Fletcher* v. *State* (1949), 227 Ind. 687, 88 N. E. 2d 146; *Holmes* v. *Combs* (1950), 120 Ind. App. 331, 90 N. E. 2d 822; Flanagan, Wiltrout & Hamilton, Ind. Trial & App. Proc., §2275, Comment 3; Gavit's Ind. Pleading & Practice, Vol. 2, p. 2429; Lowe's Rev. Works Indiana Practice, Vol. 4, p. 116.

The other assignments involve the sufficiency of the evidence and the legality of the decision. By way of answer to the appellant's complaint the appellee alleged that an official notice of the termination of appellant's contract as a teacher was personally delivered to the appellant on April 27, 1950, and that answer raised the only controverted issue of fact in the court below. The evidence on that subject is in irreconcilable conflict. Mr. Collins, the appellee Graham's predecessor in office, testified that he had a conversation with appellant on the afternoon of April 27, 1950, and that he then personally delivered to the appellant a notice in writing that appellant's contract for the school year 1949-1950 would not be renewed for the succeeding year, and he exhibited in court and in-

troduced in evidence such a written and signed notice, a carbon copy of which he delivered, he said, to the appellant. The appellant admitted having the conversation, but further testified that no one delivered such a written notice to him anywhere at any time. There was some indirect corroboration of each of these stories, although it is apparent that one of them must be false.

It is of course well settled that this court will not weigh conflicting evidence, for we are not in a position to determine the credibility of witnesses from a reading of the printed page. We are required to consider only the evidence most favorable to the prevailing party and such inferences as may be logically drawn therefrom. *Robertson Bros. Dept. Store* v. *Stanley* (1950), 228 Ind. 372, 90 N. E. 2d 809. This the appellant concedes, but he insists that the statute from which we have quoted should be so construed as to require the appellee to conclusively prove the service of the notice by either a personal receipt of the school teacher or by a registered mail receipt.

Courts interpret statutes for the purpose of ascertaining legislative intent. *Zoercher* v. *Indiana Associated Telephone Corp.* (1937), 211 Ind. 447, 7 N. E. 2d 282; 50 Am. Jur., Statutes, 200. Such intent must be determined primarily from the language of the statute itself, 50 Am. Jur., Statutes, 210, which language must be so reasonably and fairly interpreted as to give it efficient operation and to give effect, if possible, to the expressed intent of the legislature. *State* v. *Griffin* (1948), 226 Ind. 279, 79 N. E. 2d 537.

The statute under consideration seems to us to be clear and unambiguous and not susceptible of more than one meaning. It provides that a dismissal notice shall be in writing and that it shall be delivered to the

teacher in person or forwarded to him by registered mail. It does not require the school corporation to obtain the teacher's receipt for the notice, nor does it require a return receipt if the notice is forwarded by registered mail. It neither provides nor attempts to provide the manner or quantum of proof of the delivery of the notice.

Whether the statute should require the receipt of the teacher for the dismissal notice is not for us to say. The legislature may have realized that a teacher might refuse to accept and receipt for the dismissal notice, as was the case in *State ex rel. Sights* v. *Edwards* (1950), 228 Ind. 13, 88 N. E. 2d 763, 89 N. E. 2d 443. At any rate the statute does not require a receipt of any kind. It was clearly the intention of the legislature to provide the manner in which the notice must be served. It was just as clearly not the legislative intent to provide the manner in which proof of such service must be made. It is not within our province to write or rewrite legislation under the guise of interpretation, nor in that manner to require of any one either more or less than is clearly required by legislative enactment, 50 Am. Jur., Statutes, 212. We may not insert in a statute that which appears to have been intentionally omitted. As quoted with the approval in *Railroad Com., etc.* v. *Grand Trunk, etc., R. Co.* (1913), 179 Ind. 255, 100 N. E. 852:

> " 'The courts cannot venture upon the dangerous path of judicial legislation to supply omissions, or remedy defects in matters committed to a coordinate branch of the government. It is far better to wait for necessary corrections by those authorized to make them, or, in fact, for them to remain unmade, however desirable they may be, than for judicial tribunals to transcend the just limits of their constitutional powers.' "

We think the burden of proving the affirmative defense pleaded by the appellee by way of answer rested upon the appellee. Without attempting to weigh the evidence we cannot say the appellee failed to discharge that burden.

The dismissal notice appears in the margin.[1] The evidence discloses that the form was filled out by Mrs. Collins, who assisted her husband with the clerical work in the Trustee's office. She signed his name to it at his request and instruction. These blank notices are bound in a book containing a white first sheet and a pink second sheet with carbon paper between. The pink, or carbon copy, was the one delivered to the appellant. It is claimed there is no evidence that the notice delivered to the appellant bore any signature. As to that the record discloses that the pink slip which the appellee gave to the appellant was

---

[1]    "OFFICIAL NOTICE TERMINATION OF
CONTRACT
"Orland, Indiana, ....April 27, 1950
"To:....Willis    Roberts................................
Name of Teacher, Principal or Superintendent
"You are hereby notified pursuant to statute that the contract employment by and between yourself and..........
....Millgrove Township....and dated....Sept. 1, 1949....is
Employing Unit
hereby terminated, and therefore will not be renewed for the next succeeding school year, 1950-1951....
"This notice is dated and given....April 27,.... 1950.
"A. B. Collins

........................
"Name of Employing Official
"Trustee Millgrove Twp.

........................
"Official Capacity

"The above notice must be given on or before May 1st. The same may be delivered to the teacher, (1) in person, or (2) by registered mail to him or her at the last usual known address. A copy of this notice is on file in the....Trustee's Office."

an exact copy of the white slip, which was introduced in evidence without objection going to the question of the signature, and which did bear the signature "A. B. Collins" placed there as above stated by Mrs. Collins pursuant to the instruction and request of Mr. Collins.

It is appellant's further contention that the notice to be valid must be signed by the trustee himself, as such trustee. It has been held that a notice signed by the trustee is sufficient, *State ex rel. Sights* v. *Edwards, supra,* and we think a notice signed by another pursuant to his instruction and at his request must be considered to be sufficient. See: *Ashwell* v. *Miller* (1913), 54 Ind. App. 381, 103 N. E. 37; *Brown* v. *Grzeskowiak* (1951), 230 Ind. 110, 101 N. E. 2d 639, 102 N. E. 2d 372; 66 C. J. S. Notice, §16d, p. 657. To require the trustee to personally sign the notice might, under some circumstances, be to require the impossible.

The argument is made that a teacher who is acquainted with the trustee and knows him to be a man and perhaps is familiar with his signature, would be perplexed and uncertain of his status if he received a purported notice in a strange and feminine handwriting. Such might be the case if the notice were mailed, and if that factual situation were presented it would merit the careful consideration of this court. Such does not, however, appear to have been the case here. We think the notice served upon the appellant was sufficient to clearly and unmistakably indicate the purpose of the trustee not to renew appellant's contract for the ensuing year, and it must be held to have been sufficient. *State ex rel. Sights* v. *Edwards, supra.*

The judgment is affirmed.

NOTE.—Reported in 110 N E. 2d 855.