WELLMEYER, ADMINISTRATRIX OF THE ESTATE OF ELDO VICTOR WELLMEYER, ET AL. *v.* CITY OF HUNTINGBURG, INDIANA, ET AL.

[No. 20,001. Filed February 3, 1966. Rehearing denied March 8, 1966. Transfer denied May 5, 1966.]

*Loren G. McGregor,* of Princeton, *Gerald G. Fuchs, Raymond P. Knoll,* and *Fuchs & Knoll,* of Evansville, for appellants.

*Bamberger, Foreman, Oswald & Hahn,* of Evansville, and *Norbert T. Schneider,* of Huntingburg, for appellee, City of Huntingburg.

PRIME, J.—Appellants brought this action in two paragraphs against the City of Huntingburg and others for damages sustained as a result of the alleged wrongful death of one Eldo Victor Wellmeyer. Paragraph One sought recovery by reason of the appellees' negligence and Paragraph Two alleged a right to recover as the result of the breach of a contract by the appellee, City of Huntingburg, Indiana. Neither paragraph of said complaint alleged service of notice upon the City of Huntingburg as required by the Acts of 1935, Ch. 80, § 1, p. 235, being § 48-8001, Burns' 1963 Replacement. To both paragraphs of the complaint, the City

of Huntingburg filed a demurrer based upon the failure of appellants to allege compliance with the provisions of § 48-8001, *supra*. Said demurrer was sustained on both paragraphs and appellant refused to plead further. Judgment was entered in favor of the City of Huntingburg and this appeal was taken.

Appellants separately assign as error the trial court's ruling in sustaining the demurrer on each paragraph.

The questions presented by this appeal are: (1) Does the failure to allege notice to the city as required by § 48-8001, *supra*, make the complaint insufficient on demurrer? and, (2) If this is so, do both paragraphs of this complaint come within the purview of § 48-8001, *supra?*

Upon the first question presented, namely that of appellants' failure to allege notice to the city as required by § 48-8001, *supra*, our Supreme Court has stated:

"It seems well settled by the decisions of this court and other courts, as shown by the authorities cited in the case of *Touhey* v. *City of Decatur* (1911), 175 Ind. 98, at p. 102, that . . . the giving of said notice is a condition precedent to a right of action; *that facts showing the giving of the notice required by said section must, therefore, be alleged in the complaint, or it will be insufficient on demurrer.*" (Emphasis supplied) *City of Indianapolis* v. *Evans* (1940), 216 Ind. 555, 564, 24 N. E. 2d 776.

This rule is supported by a considerable number of decisions rendered by this court and our Supreme Court. *Touhey* v. *City of Decatur, supra; City of Franklin* v. *Smith* (1911), 175 Ind. 236, 93 N. E. 993; *Gribben* v. *Franklin* (1911), 175 Ind. 500, 94 N. E. 757; *City of Indianapolis* v. *Uland* (1937), 212 Ind. 616, 10 N. E. 2d 907; *Sherfey* v. *City of Brazil* (1938), 213 Ind. 493, 13 N. E. 2d 568; *Blair* v. *Ft. Wayne* (1912), 51 Ind. App. 652, 98 N. E. 736; *City of Rushville* v. *Morrow* (1913), 54 Ind. App. 538, 101 N. E. 659; *Town of Frankton* v. *Closser* (1939), 107 Ind. App. 193, 20 N. E. 2d 216.

Appellants contend that the rule laid down in the Touhey case and followed by our appellate tribunals in the decisions cited above is not the law in Indiana, and that the case of *Hummer* v. *School City of Hartford City* (1953), 124 Ind. App. 30, 112 N. E. 2d 891, is controlling on this issue. While it is true that certain language can be found in the Hummer decision placing doubt upon the validity of the holding in the Touhey case, it is important to note that this precise question was not before the court in the Hummer case. The Hummer decision arrived at the conclusion that § 48-8001, *supra,* as written, did not apply to school cities and towns, and thereby did not have to pass upon the question of allegation of notice in the complaint.

A cursory reading of the more recent decisions might lead one to conclude that the law in this State on this particular question is somewhat doubtful. *Aaron* v. *City of Tipton* (1941), 218 Ind. 227, 32 N. E. 2d 88; *Bituminous Casualty Corp.* v. *Evansville* (CCA 7th Ind. 1951), 191 F. 2d 572; *Lynch* v. *City of Terre Haute* (1953), 123 Ind. App. 282, 109 N. E. 2d 437; *Hummer* v. *School City of Hartford City, supra.* In general see: 83 ALR (2d) 1178 at p. 1199.

The troublesome language found in the Hummer decision is supported by reference to the case of *Aaron* v. *City of Tipton, supra.* In the Aaron case the Supreme Court was confronted with the question as to whether or not the notice, which was averred to have been given by the appellant, was sufficient since it was unverified. The notice statute had been recently amended to exclude the requirement of verification. Acts of 1935, Ch. 80, § 1, p. 235, *supra.* The court found that the Act of 1935 was applicable, and that since the act did not require that notice be verified, *the complaint was not demurrable for failure to allege verification of notice.* During the course of its opinion the court expressed the view that the notice statutes do not purport to set up a condition precedent to a city's liability, but merely establish a procedural step which is necessary to the remedy

of bringing an action to enforce liability. It should be noted that the court did not consider the problem from the point of view of the allegations of notice in the complaint, but rather from the standpoint of sufficiency of notice.

Appellee argues that it is implicit in the Aaron decision that a complaint must allege compliance with § 48-8001, *supra;* otherwise no useful purpose was served by the court's elaborate consideration of the question as to whether the notice which in fact was given in the Aaron case was sufficient because it was unverified. If the court had felt that the allegation of notice was unnecessary in the complaint, it would simply have held that the complaint was sufficient in the absence of facts showing a compliance with § 48-8001, *supra,* whether the notice given was verified or unverified. We feel appellee has presented a tenable argument on this question. A careful reading of the Aaron decision leads us to believe that the holding in *Touhey* v. *City of Decatur, supra,* is still the law in Indiana; and, that facts showing the giving of the notice required by § 48-8001, *supra,* must be alleged in the complaint, or the complaint will be insufficient on demurrer. We so hold. *Bituminous Casualty Corp.* v. *Evansville, supra; March* v. *Town of Walkerton Electric Department* (1963), 135 Ind. App. 30, 191 N. E. 2d 519.

The second question presented by this appeal for our consideration is whether or not both paragraphs of the appellants' complaint come within the provisions of § 48-8001, *supra.* Paragraph One alleges a cause of action for *wrongful death* based upon a *theory* of *tort.* Clearly, under the factual situation present in this case, this paragraph comes within § 48-8001, *supra.* Applying our holding above, we find that Paragraph One of the complaint was insufficient on demurrer.

Paragraph Two alleges a cause of action for *wrongful death* based upon a *theory of breach of contract.* Appellants contend that § 48-8001, *supra,* is limited only to actions founded in tort and has no application to actions based upon a theory

in contract. Appellants further argue that an action founded in contract should be maintainable under our wrongful death act. We deem it unnecessary to answer either of these questions, based upon the conclusion reached below.

Section 48-8001, *supra,* reads as follows:

"Hereafter no action or actions of any kind for damages arising from any negligence, wilfulness, nuisance, or other tort of any municipal corporation that causes injury to any person, or loss, injury or damage to any property, or *any wrongful death,* and regardless of to whom any such action or actions may accrue, shall be brought or maintained against any municipal corportion of this state unless there is first served upon either the mayor or clerk of any such city or a member of the board of trustees of any such town, either by delivery thereto in person or by registered mail with return card, a written notice of the occurrence complained of, setting out therein a brief general description of the date and time, the place, the conditions and cause, the nature and extent of the injury to person and loss, injury or damage, if any, to property, *the date and cause of any resulting death charged as wrongful* and the nature of the damages arising to anyone therefrom, all as associated with and caused by such occurrence. Such notice shall be dated and signed by the person giving the same and must be served as aforesaid so as to be received by some such municipal official aforesaid within sixty (60) days after the occurrence complained of, *regardless of what causes of action may arise or result therefrom,* except that where snow or ice is associated with such occurrence as the cause thereof, in whole or in part such notice shall be so served within thirty (30) days after such occurrence." (Acts 1935, Ch. 80, § 1, p. 235) (Emphasis supplied)

A close reading of the complete statute leads us to the inescapable conclusion that irrespective of the theory employed, whether it be contract or tort, if the parties are seeking recovery *for wrongful death,* they are bound by the provisions of § 48-8001, *supra.* We feel that any other construction or interpretation of the statute would frustrate its purpose or intent. Its purpose or intent being that municipal corporations be afforded an opportunity to promptly

investigate all of the facts pertaining to the injury or death allegedly caused by the negligence of such municipal corporation, while the evidence is available and the surrounding conditions are fresh. *City of Logansport* v. *Gammill* (1957), 128 Ind. App. 53, 60, 145 N. E. 2d 908; *City of Gary* v. *Russell* (1953), 123 Ind. App. 609, 614, 112 N. E. 2d 872.

Therefore, we must conclude that Paragraph Two of appellants' complaint came within the provisions of § 48-8001, *supra,* and the failure to allege compliance with its terms made Paragraph Two insufficient on demurrer.

Judgment affirmed.

Carson, J., concurs. Faulconer, J., concurs with opinion. Wickens, J., not participating.

While JUDGE MARTIN participated in the hearing of oral argument and a conference of the judges above named, he was not present at the time of, and did not participate in, the adoption of this opinion due to his untimely death.

(CONCURRING OPINION)

FAULCONER, J.—I concur in the result reached in the majority opinion. This appeal presents to this court the question whether either or both paragraphs of appellants' complaint stated a cause of action. The demurrer filed by appellees and sustained by the trial court was on the ground that neither paragraph stated a cause of action. The memorandum accompanying appellees' demurrer stated that neither paragraph alleged the giving of notice to appellee, City of Huntingburg, as required by Acts 1935, ch. 80, § 1, p. 235, § 48-8001, Burns' 1963 Replacement. The first paragraph is an action for damages for the death of appellant's spouse caused by negligence of the City of Huntingburg which owned and operated a municipal electric plant. Therefore, notice was required and the demurrer was properly sustained as to the first paragraph.

Appellants contend that the second paragraph, although for damages for the death of her spouse, is an action for breach of contract and, therefore, the notice statute does not apply and notice need not be given.

As to the second paragraph, we must interpret § 48-8001, *supra,* which reads as follows:

"Hereafter no action or actions of any kind for damages arising from any negligence, wilfulness, nuisance, or other tort of any municipal corporation that causes injury to any person, or loss, injury or damage to any property, *or any wrongful death,* and regardless of to whom any such action or actions may accrue, shall be brought or maintained aganist any municipal corporation of this state unless there is first served upon either the mayor or clerk of any such city or a member of the board of trustees of any such town, either by delivery thereto in person or by registered mail with return card, a written notice of the occurrence complained of, setting out therein a brief general description of the date and time, the place, the conditions and cause, the nature and extent of the injury to person and loss, injury or damage, if any, to property, *the date and cause of any resulting death charged as wrongful* and the nature of the damages arising to anyone therefrom, all as associated with and caused by such occurrence. Such notice shall be dated and signed by the person giving the same and must be served as aforesaid so as to be received by some municipal official aforesaid within sixty [60] days after the occurrence complained of, *regardless of what causes of action may arise or result therefrom,* except that where snow or ice is associated with such occurrence as the cause thereof, in whole or in part such notice shall be so served within thirty [30] days after such occurrence." (Emphasis supplied.)

It is a fundamental rule of statutory interpretation that the courts should attempt to discover and give effect to the intention of the Legislature. *State ex rel. Rogers* v. *Davis* (1952), 230 Ind. 479, 482, 104 N. E. 2d 382.

Ordinarily such intent must be determined from the language of the statute itself. *State ex rel.* v. *Graham, Trustee* (1953), 231 Ind. 680, 686, 110 N. E. 2d 855. Such language must be reasonably and fairly interpreted so as to give it

efficient operation and to give effect, if possible, to the expressed intention of the Legislature. 26 Ind. Law Encyc., Statutes, § 113, p. 315, 316.

"In construing a statute to ascertain the intention of the legislature, the court should consider the object or purpose to be attained by the statute." 26 Ind. Law Encyc., Statutes, § 113, p. 317, *supra.*

Our Supreme Court and this court have many times enunciated the purpose of this statute to be to afford municipal authorities an opportunity to investigate the facts concerning an accident allegedly caused by the negligence of such municipality while such evidence is available. *City of Gary* v. *Russell* (1953), 123 Ind. App. 609, 614, 112 N. E. 2d 872; *City of Logansport* v. *Gammill* (1957), 128 Ind. App. 53, 60, 145 N. E. 2d 908; *Aaron* v. *City of Tipton* (1941), 218 Ind. 227, 230-231, 32 N. E. 2d 88.

The broad statement, "no action or actions of any kind" found in the statute (§ 48-8001, *supra*) is limited by the specification that it must be for damages. Not all actions for damages are covered however, only those actions for damages "arising from any negligence, wilfulness, nuisance, or other tort of any municipal corporation."

To make the statute apply the Legislature has specified that the conduct of a municipal corporation must cause "injury to any person, or loss, injury or damage to any property, or any wrongful death." In other words, my interpretation of this part of the statute is that the action must first be for damages; the damages must arise from the municipal corporation's negligence, wilfulness, nuisance, or other tort; and that the conduct must have caused an injury to the person, or loss, or injury or damage to property, or wrongful death.

The statute further provides that the notice must be served within a certain time *"regardless of what cause of action may arise or result therefrom."* (My italics.)

Therefore, in my opinion, the giving of notice is a prerequisite to the filing of an action for damages arising from

any negligence, wilfulness, nuisance, or other tort of any municipal corporation that causes injury or damage to property, or wrongful death, regardless of what causes of action may arise or result therefrom.

In the second paragraph of appellants' complaint it is alleged that appellees breached the contract to install and maintain electrical power lines across appellants' property in that appellees "allowed and permitted said high voltage line and wire to become dislodged from and come off of the cross-arms atop of the electric poles on said real estate and thereby sag and drop upon one of the said wire fences on said farm. . . ."

The second paragraph of appellants' complaint, although alleging a breach of contract, contains, in my opinion, all the elements of the statute. It is an action to recover damages for the *death* of appellant's spouse which death *arose out of the negligence or other tort of a municipal corporation.* Therefore, the giving of notice was a prerequisite to maintaining the action alleged in the second paragraph of complaint.

We are, in my opinion, limited to the allegation of the second paragraph of appellants' complaint. I feel that this interpretation satisfies the purpose of this statute, as well as giving effect to the words used and considers the Act in its entirety. If all of the elements set out in the statute are present, then notice must be given regardless of the cause of action.

NOTE.—Reported in 213 N. E. 2d 709.