Raymond ENGLAND, Plaintiff-Appellant,

v.

The CITY OF RICHMOND, Indiana, et al., Defendants-Appellees.

No. 17267.

United States Court of Appeals
Seventh Circuit.

Dec. 19, 1969.

David W. Dennis, Richmond, Ind., Tony Foster, Indianapolis, Ind., for plaintiff-appellant; Dennis, Dennis & Reinke, Richmond, Ind., Bingham, Summers, Welsh & Spilman, Indianapolis, Ind., of counsel.

Keith C. Reese, Indianapolis, Ind., for defendants-appellees; Rocap, Rocap, Reese & Young, Indianapolis, Ind., of counsel.

Before CASTLE, Chief Judge, DUFFY, Senior Circuit Judge and FAIRCHILD, Circuit Judge.

DUFFY, Senior Circuit Judge.

Plaintiff, an Ohio resident, was an employee of Dana Corporation (Dana) which owned a factory building located in Richmond, Indiana. Defendant Richmond Power and Light is, and was on October 5, 1965, owned and operated by the City of Richmond, Indiana.

The complaint is in four counts. Count I is in negligence and is brought as a third party action under Section 13 of the Indiana Workmen's Compensation Act (Burns' Ind.Stat.Ann. Sec. 40–1213).

Count II is in contract. The claim on this count is that plaintiff is a third party beneficiary of the contract between the Power and Light and Dana, and that defendant breached implied and statutory warranties. Count III is in nuisance, and Count IV charges defendant violated a specific statutory duty (Burns' Ind.Stat.Ann. Secs. 20–304, 5, 6).

The complaint herein alleges that prior to October 5, 1965, the defendant, City of Richmond, Indiana, doing business as Richmond Power and Light, and acting through the individually named defendants, installed in the plant of Dana, an electric transformer with uninsulated high tension electric wires and uninsulated drop wires. The transformer and high tension lines were installed pursuant to a contract with Dana.

It is further alleged in the complaint that after such installation was made, there were uninsulated high voltage wires extending from the transformer

along a wall where plaintiff was later assigned to work.

On October 5, 1965, plaintiff, as an employee of Dana, was instructed by his foreman to install on and as part of a wall of a room in the Dana factory (plant 6), a large piece of sheet metal material. While working within thirty inches of a pole supporting the high tension wires, the plaintiff received a severe electrical shock causing him serious injuries.

All of the defendants filed motions to dismiss alleging failure of the complaint to state a claim, in that the complaint failed to allege the giving of the proper statutory notice to the City of Richmond, Indiana, as provided by Burns' Ind.Stat.Ann. Sec. 48–8001.[1]

The District Court granted the several motions to dismiss. It is not disputed that plaintiff's notice to the City of Richmond was served nearly two years after the date of plaintiff's injuries.

Although several issues are raised on this appeal, the basic question is whether plaintiff is required, in order to maintain this suit, to have given the City of Richmond the sixty-day notice required by Burns' Ind.Stat.Ann. Sec. 48–8001.

In City of Indianapolis v. Evans, 216 Ind. 555, 24 N.E.2d 776, 780 (1940), the Indiana Supreme Court held that notice as required by the statute (Sec. 48–8001) must be pleaded and proved and that the failure to do both precludes maintenance of the action. This decision has not been reversed or modified by the Indiana Supreme Court.

■ Plaintiff urges that the City of Richmond had actual notice immediately after plaintiff received his injuries but, under Indiana law, such notice is not sufficient. In Touhey v. City of Decatur, 175 Ind. 98, 93 N.E. 540, 542, 32 L.R.A.,N.S., 350 (1911), the Court stated: "Appellant's right to maintain an action must be determined from the suf-ficiency of his notice, and not by the fact that appellee obtained, from other sources, full knowledge of the time, place, cause, and nature of his injury."

In Wellmeyer v. City of Huntingburg, 139 Ind.App. 64, 213 N.E.2d 709, 710 (1966), the Court observed that the holding in Touhey, supra, is still the law in Indiana.

■ It is argued by plaintiff that he had no reason to have known that the installation of the transformer and wires in his employer's premises, and the maintenance of the transmission lines were by the defendant city and not by his employer, and, therefore, that he did not have actual notice of the acts of the defendant as the contributing cause of his injury until September 25, 1967. He points out that the notice to the city was given within sixty days after he had received such information and that, therefore, the notice was given in compliance with Burns' Ind.Stat.Ann. Sec. 48–8001, and that under Indiana law this was sufficient notice. We do not agree. Bituminous Cas. Corp. v. City of Evansville, Indiana, 191 F.2d 572, 574 (7 Cir., 1951); Wellmeyer v. City of Huntingburg, supra, 213 N.E.2d at page 711, 712; Burns' Ind.Stat.Ann. Sec. 48–8001.

Plaintiff contends that a city or municipal corporation, while operating an electric utility and selling energy and service to the people, is acting in its private business or proprietary capacity and not in its governmental capacity. We agree that such is the law of Indiana. City of Logansport v. Public Service Commission et al., 202 Ind. 523, 177 N.E. 249, 252, 76 A.L.R. 838 (1931); Southern Indiana Gas and Electric Company v. City of Boonville, Ind., 248 N.E. 2d 343, 345 (1969). Plaintiff then cites cases from other jurisdictions holding that when the city is thus acting in its proprietary commercial capacity, it is liable for torts just the same as any other tortfeasor, and that statutes such as

---

1. Burns' Ind.Stat.Ann. Sec. 48–8001 provides that no action for damages against Indiana cities or towns may be brought for any tort unless a written notice be served "within sixty (60) days after the occurrence complained of * * *"

Sec. 48–8001 and other notice requirements do not apply. Although no Indiana cases have been cited on this point, we have no reason to believe the Indiana Supreme Court would adopt that view. It is not pertinent that this Court might conclude that the modern trend is as plaintiff urges. We must determine as best we can what the Indiana Supreme Court might hold on this question.

As we said in Johnson v. New York Life Ins. Co., 212 F.2d 256, 259 (7 Cir., 1954), cert. den. 348 U.S. 836, 75 S.Ct. 50, 99 L.Ed. 659 (1954): "Our duty in a diversity case is to follow the law as laid down by the highest court of a State, whether we like the ruling or not."

■ We hold the District Court was correct in dismissing this suit as to the City of Richmond, Indiana, and the City of Richmond, Indiana, operating and doing business as Richmond Power and Light, for non-compliance with the Indiana notice requirement (Burns' Ind. Stat.Ann. Sec. 48–8001).

■ Plaintiff argues that the notice provision hereinbefore quoted was amended in 1967 and seems to find some comfort in that fact. Such amendment was made after the 60-day period from the date of plaintiff's injuries. We hold the amendment is not pertinent to the question before us.

■ The amendment substituted "civil city or town" for "municipal corporation" and added "or clerk treasurer" as an official upon whom notice could be served. It substituted the word "shall" for "must" preceding the words "be served." There were other minor word changes. We hold these changes did not aid the plaintiff in reviving his lost cause of action. Indiana courts have held "Statutes are to be construed as having a prospective operation unless the language clearly indicates that they were intended to be retrospective." Malone v. Conner, 135 Ind.App. 30, 189 N.E.2d 590, 591 (1963).

The alleged liability of the five employees of the City of Richmond operating and doing business as Richmond

Power and Light is in a different category. Again, we do not have a decision of the Indiana Supreme Court to advise us of applicable Indiana law on this point. However, the recent case of Brinkman v. City of Indianapolis, Ind. App., 231 N.E.2d 169, 172 (1967) is pertinent. There, an Indianapolis policeman was called to take the ailing Brinkman to a hospital. He agreed, but instead, arrested him and took him to the jail without obtaining medical attention for him. Brinkman died that night and his estate brought suit. The Indiana Appellate Court stated "After careful consideration we are of the opinion that the doctrine of sovereign immunity has no proper place in the administration of a municipal corporation." The *Brinkman* opinion, *supra*, at 231 N.E.2d 172, cited a case in Kentucky, City of Louisville v. Chapman, 413 S.W.2d 74, 77 (Ky., 1967) —"Municipal functions have become so varied and extensive that public safety demands that municipal employees be held to the same safety standards as other citizens." The *Brinkman* decision was later cited in Klepinger v. Board of Commissioners of the County of Miami, Ind.App., 239 N.E.2d 160, 173 (1968).

The wording of the 60-day notice provision as it existed when the injury occurred, referred only to a "municipal corporation," and the recently amended statute now refers to "civil city or town." This clearly was not intended to refer to individual employees.

The facts in the case of Brinkman v. City of Indianapolis, *supra*, 231 N.E.2d at 171, indicate that the individual municipal employee could not claim the sovereign immunity of his employer even when such immunity was granted to the employer. This same principle should be applied to municipal employees who attempt to claim the 60-day notice provision granted to their employer.

■ We hold that the five defendant employees of Richmond Power and Light should not have been dismissed from the case because of the late filing by plaintiff of the notice to the City of Rich-

mond. On this motion to dismiss, we certainly cannot say that no cause of action can be stated in the complaint which would be valid against the individual defendants.

█ A motion to dismiss for failure to state a claim shall be denied unless it appears that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. Conley et al. v. Gibson et al., 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Moore Federal Practice, 2d Ed. Vol. 2A ¶ 12.08, p. 2274.

█ The 60-day notice provision is, by its wording, applicable to " * * * action or actions of any kind. * * * " This would indicate that 60-day notice must be given before a suit against municipal corporation may be maintained, whether the gravamen of the suit was statutory strict liability (Burns' Ind. Stat.Ann. Sec. 20–304), or a workmen's compensation act (Burns' Ind.Stat.Ann. Sec. 40–1213). See Bituminous Cas. Corp. v. City of Evansville, Indiana, *supra,* 191 F.2d at 573–574.

We hold the judgment of the District Court dismissing the case as to the City of Richmond, doing business as Richmond Power and Light, be and the same is hereby affirmed.

The judgment of the District Court insofar as it dismissed the action against the five individual defendants, be and the same is hereby reversed.

Affirmed in part, reversed in part for further proceedings.