**PORTLAND SUMMER FESTIVAL AND HOMECOMING, Appellant–Petitioner,**

v.

**DEPARTMENT OF REVENUE, Appellee–Respondent.**

No. 10A05–9212–CV–470.

Court of Appeals of Indiana, Fifth District.

Nov. 23, 1993.

Rehearing Denied Jan. 4, 1994.

Larry O. Wilder, Anne Fowler, Jeffersonville, for appellant-petitioner.

Pamela Carter, Atty. Gen., Terry G. Duga, Deputy Atty. Gen., Indianapolis, for appellee-respondent.

SHARPNACK, Chief Judge.

Portland Summer Festival & Homecoming, Inc. (Portland) appeals from the dismissal of its complaint to declare it a "qualified organization" as defined by Ind.Code § 4–32–6–20, which an entity must be to conduct licensed fund-raising events in the State of Indiana. Portland raises one issue on appeal, which we restate as whether the trial court erred by dismissing Portland's complaint for declaratory judgment because it had failed to exhaust its administrative remedies before seeking judicial relief. We affirm.

Before addressing the issue raised by Portland, it would be helpful to give context to the issue by explaining the process by which an entity obtains a license to conduct fund-raising events. An entity applies for a license through the Indiana State Department of Revenue (the Department),[1] which has the primary responsibility to administer, investigate, and enforce I.C. § 4–32, and has the sole authority to license entities under that article. I.C. §§ 6–8.1–3–1(c); 4–32–7–4; 4–32–9–4. To be approved for a license, the entity must comply with the definition of a "qualified organization" under I.C. § 4–32–6–20.

Ind.Code § 4–32–6–20 defines a "qualified organization" as:

"(1) A bona fide ... civic organization operating in Indiana that:

(A) Operates without profit to the organization's members;

(B) Is exempt from:

(i) Taxation under Section 501 of the Internal Revenue Code;

(ii) Gross income tax under IC 6–2.1–3; or

(iii) Property tax under IC 6–1.1–10; and

(C) Has been continuously in existence for at least five (5) years or is affiliated with an Indiana parent organization that has been in existence for at least five (5) years; ..."

I.C. § 4–32–6–20(a)(1). The Department charges a license fee to an entity seeking a license to conduct allowable events under this article. I.C. §§ 4–32–11–1; 4–32–7–5. An entity which has complied with the definition of a "qualified organization" and has provided other required information, may conduct various fund-raising activities, such as bingo, once it is licensed. I.C. §§ 4–32–9–1; 4–32–9–2; 4–32–9–4.

It is in this context that we review this case.

Portland is a Kentucky-incorporated, not-for-profit organization that was engaged in charitable and civic activities in Indiana from 1991 to 1992 under licenses it secured to conduct bingo operations in Clark County. On February 14, 1992, the Indiana legislature amended Ind.Code § 4–32–6 et seq., affecting Portland's licenses. The new law, which became effective on June 1, 1992, terminated all licenses issued before that date and required all charitable gaming organizations to apply for new gaming licenses to comply with the new law.

On May 14, 1992, Portland filed its complaint for declaratory judgment. On May

---

**1.** The Department is not governed by the Administrative Adjudication Act. I.C. § 4–21.5–2–4(a)(9).

22, 1992, Portland applied to the Department for a license under the new law. On June 15, 1992, the Department denied Portland a new license because it determined that Portland was seeking to conduct a gaming event in a county other than its county of residence in contravention of I.C. § 4–32–9–21. Portland reapplied, but on June 29, 1992, the Department denied Portland a new license based on its continuing failure to comply with the requirements of I.C. § 4–32–9–21 and because the Department discovered that Portland was not listed with the Secretary of State as being authorized to do business in Indiana.

On August 18, 1992, the Department filed a motion to dismiss Portland's motion for declaratory judgment. The Department claimed that the trial court lacked subject-matter jurisdiction because Portland's administrative appeal of the denial of its license application was pending before the Department, the question presented by Portland was moot, and Portland had failed to exhaust its administrative remedies before seeking judicial relief. The trial court granted the Department's motion to dismiss on October 15, 1992, and Portland appeals that decision.

■ On appeal, Portland argues that the question it raises in its complaint is beyond the Department's expertise to resolve and that the administrative process established by I.C. § 4–32–8–1 is inadequate to answer the legal question that it raises. We disagree.

■ Judicial construction of a statute is inappropriate where a statute is clear and unambiguous. *Superior Constr. Co. v. Carr* (1990), Ind., 564 N.E.2d 281, 284; *Community Hosp. of Anderson and Madison County v. McKnight* (1986), Ind., 493 N.E.2d 775, 777. Where a statute is susceptible to more than one interpretation, however, it is ambiguous and open to construction to effect the intent of the legislature. *Hinshaw v. Board of Comm'rs of Jay County* (1993), Ind., 611 N.E.2d 637, 638; *P.B. v. T.D.* (1990), Ind., 561 N.E.2d 749, 750.

■ We believe that when the legislature empowered the Department with au-

thority to administer I.C. § 4–32, the legislature intended to apply the existing administrative process used to resolve tax-related issues under I.C. § 6–8.1–5–1 to the resolution of fund-raising event licensing issues. *See Wellmeyer v. City of Huntingburg* (1966), 139 Ind.App. 64, 213 N.E.2d 709 (citing 26 Ind.Law Encyc., Statutes, § 113, p. 314: Intention of the Legislature).

Indiana Code § 4–32–8–1 provides that the Department is to apply the decision-making process provided in I.C. § 6–8.1 of the Indiana tax code to determine fund-raising events issues under I.C. § 4–32. Applying I.C. § 6–8.1–5–1 to these issues as the legislature intended, if the Department reasonably believes that an entity does not qualify for a license under I.C. § 4–32, the Department shall make findings as to why the entity does not qualify on the basis of the best information available to the Department. I.C. § 6–8.1–5–1. The Department shall send the entity a notice of the findings through the United States mail. *Id.* The entity has sixty days from the date the notice is mailed to appeal the Department's findings. *Id.*

The Department's findings are prima facie evidence that the Department's claim that the entity does not qualify for a license is valid. *Id.* The burden of proving that the findings are wrong rests with the person against whom the findings are made. *Id.*

The entity may request a hearing and if it does so, the Department shall conduct a hearing, and no later than sixty days after conducting the hearing, the Department shall issue a letter of findings and send it to the entity who filed the protest. I.C. § 6–8.1–5–1(e). If the entity disagrees with a decision in a letter of finding, it may request a rehearing not more than thirty days after the date on which the letter of finding is issued by the Department. I.C. § 6–8.1–5–1(f). The Department may or may not grant such rehearing. *Id.* Upon exhausting its administrative remedies, the entity may appeal the Department's final determination to the trial court. *See Warren v. Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N.E.2d 399 (the orders of an administrative body are subject to judicial

review to meet the requirements of due process); *see also* I.C. § 33–3–5–2(f) (tax court has no jurisdiction over final determination made by Department of Revenue under I.C. § 4–32).

We find that the Department has the expertise to determine Portland's question of whether Portland meets the definition of a "qualified organization" and whether it is qualified to receive a license, and that the Department's administrative process is adequate and competent to allow the Department to answer that question.

Portland further argues that no administrative process is available to provide it a method of declaring its rights under I.C. § 4–32–6–20, particularly since its question is not at issue in the pending license appeal. Portland therefore argues that the trial court abused its discretion in denying it judicial relief. Whether Portland is a "qualified organization" is necessarily implicated in the license application process because only "qualified organizations" may be licensed. I.C. §§ 4–32–1–1(a); 4–32–1–2; 4–32–7–4; 4–32–9–4(b)(6).

■ The actual determination of whether the presence of another form of relief should justify a refusal to grant declaratory relief is within the trial court's discretion. *Thompson v. Medical Licensing Board*, (1979), 180 Ind.App. 333, 389 N.E.2d 43. Absent an abuse of that discretion the trial court's decision will be upheld. *Id.*

We find no abuse of discretion by the trial court. We believe that the administrative process described above is sufficient to provide Portland with a method of securing a declaration of its rights and that declaratory relief is presently inappropriate. *See Id.*, 389 N.E.2d at 51.

■ Portland further argues that it should be allowed to bypass its administrative remedies because the question it raises in its complaint is one of law and not fact. It is fundamental that no one is entitled to judicial relief from an agency decision until the prescribed administrative remedies are exhausted. *Scott Cty. Fed. of Tchrs. v. Sch. Dist. No. 2* (1986), Ind., 496 N.E.2d 610, 612. Portland contends, however, that it may bypass its administrative remedies because an exception to the general rule requiring exhaustion of administrative remedies exists. This exception allows the courts to determine pure questions of law before an entity has exhausted all of its administrative remedies. *Wilson v. Bd. of Ind. Employment Sec. Div.* (1979), 270 Ind. 302, 385 N.E.2d 438, 441. The exception, however, does not apply here. Unlike the instant case, the supreme court in *Wilson* dealt with a purely legal question of constitutional character: whether the administrative agency's procedure violated a claimant's right to due process of law. *Wilson*, 385 N.E.2d at 440.

In contrast, Portland raises questions of both fact and law. The trial court would need to examine the relevant facts to determine whether Portland meets the definition of a "qualified organization." From a review of the facts, the court would have to determine whether Portland: (1) is a "bonafide civic organization"; (2) is operating in Indiana without profit to the organization's members; (3) is exempt from taxation under § 501 of the Internal Revenue Code, from gross income tax under I.C. § 6–2.1–3, or property tax under I.C. § 6–1.1–10; and, (4) has been continuously in existence for at least five years or affiliated with an Indiana parent organization that has been in existence for at least five years. Factfinding is crucial in this case, and therefore the exception does not apply. *See Indiana State Dept. of Welfare v. Stagner* (1980), Ind.App., 410 N.E.2d 1348 (issue before administrative agency a question of fact for application of agency expertise). Because of this, Portland may not by-pass the Department's administrative process.

Finally, Portland claims that it and its beneficiaries will suffer irreparable harm from loss of funding if it is prevented from continuing its operations in the county. Among other reasons, Portland notes that where irreparable injury would result, the administrative process may be bypassed. *Bowen v. Sonnenburg* (1980), Ind.App., 411 N.E.2d 390, 403. To qualify for such equitable judicial relief, Portland must establish that it will suffer immediate and irreparable injury and that it has no adequate remedy at law. *Indiana Civil Rights Comm'n v. Kightlinger & Gray* (1991), Ind.App., 567 N.E.2d 125, 127.

Portland's corporate purposes are to organize, operate, and maintain the Portland, Kentucky "Summer Festival and Homecoming" and to promote pride and neighborhood development for the Portland area. Such purposes will not be irreparably harmed by requiring Portland to exhaust its administrative remedies. Moreover, mere economic injury, such as loss of funding, does not warrant the granting of equitable relief. *Whiteco Industries, Inc. v. Nickolick* (1990), Ind.App., 549 N.E.2d 396, 399. Portland must therefore exhaust its administrative remedies before it may seek judicial relief.

We find that the trial court did not err in granting the Department's motion to dismiss Portland's complaint for declaratory judgment.

For the reasons stated above, we affirm the decision of the trial court.

AFFIRMED.

RUCKER and SHIELDS, JJ., concur.